IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| GEORGE HOLLAND, <br><br> Plaintiff, <br><br> vs. <br><br> JAMIE LUTHER, SUPERINTENDENT, SCI LAUREL HIGHLANDS; ANNETTE KOWALEWSKI, CORRECTIONAL HEALTHCARE ADMINISTRATOR, SCI LAUREL HIGHLANDS; DR. SHERIA, OPTOMETRIST, SCI LAUREL HIGHLANDS; MS. MILLER, NURSE, SCI LAUREL HIGHLANDS; AND VARIOUS OTHER NURSES, SCI LAUREL HIGHLANDS; <br><br> Defendants, | 3:15-CV-00154-KRG |

## **MEMORANDUM ORDER**

The magistrate judge issued a report and recommendation on April 3, 2017 recommending that Defendants' motion to dismiss be granted and Plaintiff's complaint be dismissed with prejudice and the court decline to exercise supplemental jurisdiction over the Plaintiff's purported state law claims. Objections to the report and recommendation were due on April 20, 2017. On April 24, 2017, Plaintiff submitted a motion for extension of time to file objections to the report and recommendation. *See* Motion for Extension of Time [ECF No. 67] (postmarked April 19, 2017). Plaintiff seeks an extension of time until counsel can be provided for him to file his objections.

IT IS HEREBY ORDERED that Plaintiff's motion is DENIED. On May 22, 2016, the Court ceased its efforts to find counsel to represent Plaintiff on a *pro bono* basis after three attorneys determined that the present case lacks merit and explained the reasons for that decision

1

to the plaintiff. *See* Order of 5/2/2016 [ECF No. 49]. While the report and recommendation stated "[t]he court granted Plaintiff's request [for *pro bono* counsel], but has been unable to locate *pro bono* counsel prior to making this Report and Recommendation[,]" this statement was made for purposes of procedural background and does not make a finding that Plaintiff is entitled to representation in lodging his objections to the Report and Recommendation. Indeed, 28 U.S.C. § 1915(e)(1) does not authorize the court to appoint counsel, but only authorizes the court to "request" an attorney to represent an indigent litigant. Plaintiff is not entitled to *pro bono* representation in this matter; rather the Court requested that an attorney represent him, and once that process became futile, the Court ended its search.

In light of the foregoing, Plaintiff is granted an extension of time to file his objections to the Report and Recommendation, and must do so by **May 12, 2017**. Failure to timely file objections to the Report and Recommendation "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

DATED this 27th day of April, 2017.

BY THE COURT:

_____
United States District Judge

2